# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ISRAEL OLIVERA,

           Petitioner,

      v.                                              Case No. 08-C-550

WILLIAM POLLARD, [1]

           Respondent.

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND ORDERING RESPONDENT TO ANSWER THE PETITION

      Israel Olivera ("Olivera"), a person incarcerated pursuant to a state court judgment, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Olivera previously filed a motion for leave to proceed in forma pauperis, (Docket No. 2), but failed to provide the court a copy of his prison trust account statement. Therefore, the court ordered Olivera to provide the court with this document within 30 days. (Docket No. 4.) Olivera has now provided the court with this document. (Docket No. 5.) From a review of this document and Olivera's prior motion the court concludes that Olivera is unable to pay the filing fee in this matter and that Olivera otherwise satisfies the requirements of 28 U.S.C. § 1915. Therefore, Olivera's petition to proceed in forma pauperis shall be granted.

      Having granted Olivera's petition to proceed in forma pauperis, the court must now screen Olivera's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. In accordance with Rule 4, "[i]f it plainly appears from the face of the petition and any attached

---

[1] Petitioner identified "DOC, Green Bay Corr. Inst." as the respondent in this action. In accordance with Rule 2(a) of the Rules Governing Section 2254 Cases, the caption is amended to name William Pollard, the warden of Green Bay Correctional Institution as the respondent.

exhibits that the petitioner is not entitled to relief in district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Olivera seeks relief on three grounds. First, he alleges that his attorney was ineffective for failing to "subpoena the state to produce proof of any bank transaction for the date of August 16, 2005." Second, he appears to allege that his attorney was ineffective for failing to impeach witnesses with their prior inconsistent statements. Third, Olivera alleges there was insufficient evidence to sustain a finding of guilt. As to each of these grounds for relief, when asked on the habeas petition form whether he has exhausted his state remedies and if not, to provide a reason why not, Olivera simply states "No I have not." He fails to provide any further explanation.

However, Olivera does allege in a separate portion of his petition that he did pursue a direct appeal of his conviction where he alleged that there was insufficient evidence to sustain his conviction and that he filed a petition for review with the Wisconsin Supreme Court where he alleged that he received ineffective assistance of counsel and that there was insufficient evidence to sustain his conviction. Olivera has failed to attach the state courts' decisions to his petition.

Because of these apparent contradictions, it is unclear whether Olivera has exhausted his state remedies with respect to his claims, and thus it is not plainly apparent from the face of the petition that Olivera is not entitled to the relief he requests. Therefore, the respondent will be required to answer the petition. In doing so, the respondent should address the issues of timeliness, exhaustion, and procedural default, if applicable.

**IT IS THEREFORE ORDERED** that Olivera's motion to proceed in forma pauperis is **granted**.

**IT IS FURTHER ORDERED** that a copy of Olivera's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within **45 days** after service of the petition.

**IT IS FURTHER ORDERED** that Olivera may reply to the respondent's answer within **30 days** after the respondent files an answer.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or his attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers which do not indicate that a copy has been sent to the respondent or her attorney.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this <u>18th</u> day of July 2008.

s/<u>AARON E. GOODSTEIN</u><br>
U.S. Magistrate Judge