# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ISRAEL OLIVERA,**

        **Petitioner,**

        **v.**                                     **Case No. 08-C-550**

**WILLIAM POLLARD,**

        **Respondent.**

## ORDER DENYING MOTION FOR RECONSIDERATION

Israel Olivera ("Olivera"), a person incarcerated pursuant to a state court judgment, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following the parties consenting to the full jurisdiction of a magistrate judge, on May 29, 2009, this court dismissed Olivera's petition, (Docket No. 20), and judgment was entered accordingly, (Docket No. 21). On June 10, 2009, Olivera filed what he captioned as a "Motion for Reconsideration and Extension of Time to File Supplement to Motion."

The court construed the petitioner's motion as a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e) wherein he requested an extension to file a brief in support. Based upon the reasons set forth in his motion, the court granted Olivera's request and ordered Olivera to file a memorandum no later than July 20, 2009. Olivera timely filed a brief and now Olivera's motion for reconsideration is ready for resolution.

Olivera contends that the court should reconsider its conclusion that his trial counsel did not act unreasonably when he failed to obtain the bank records of the victim to determine whether she had, in fact, made a $1,000 withdrawal. (Docket No. 24.) The court finds no reason to alter the

judgment entered in this case. As this court stated previously, in light of the substantial evidence corroborating the victim's assertion that she withdrew $1,000, Olivera's attorney had no reasonable basis to investigate the victim's bank records. (Docket No. 20 at 5.) Further, as the court noted, Olivera's attorney used the lack of evidence of a withdrawal to Olivera's benefit in his closing argument, (Docket No. 20 at 5); if Olivera's attorney had investigated the victim's bank records and learned that there was, in fact, a relevant transaction, he would have forfeited this argument and perhaps, through the consequences of a reciprocal discovery demand, ended up strengthening the state's case. Thus, having considered the petitioner's motion for reconsideration, the court again concludes that Olivera's trial counsel did not act unreasonably when he failed to investigate the victim's bank records.

**IT IS THEREFORE ORDERED** that Olivera's motion for reconsideration, (Docket No. 22), is **denied**.

Dated at Milwaukee, Wisconsin this 30th day of July 2009.

s/AARON E. GOODSTEIN  
U.S. Magistrate Judge